**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monika E. Walker, ) | CV-11-1690-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Unknown Party (named as: Postmaster -) | |
| Surprise, AZ), ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (doc. 4), plaintiff's response (doc. 6), defendant's reply (doc. 8), plaintiff's motion for summary judgment (doc. 5), and defendant's response (doc. 7).

In June 2011, plaintiff purchased a glass bowl while vacationing in Italy. On June 17, 2011, plaintiff visited the U.S. Postal Service office in Surprise, Arizona to mail the bowl to her friend. Plaintiff insured the bowl for $100.00. The bowl arrived at its destination on June 23, 2011 in a broken state. Plaintiff filed a claim for the damaged bowl with the Postal Service. After following up several times on the status of her claim, plaintiff was informed that the claim would not be paid.

On July 19, 2011, plaintiff filed this action in the Hassayampa Justice Court in Surprise, Arizona seeking $115.31 from the Postal Service for damaging her package and refusing to pay her claim. Plaintiff admits that the Postal Service has since paid her claim,

but now requests $53.00 in damages to cover her filing costs. Defendant removed to this court and filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. Defendant contends that this court lacks jurisdiction over claims that the U.S. Postal Service damaged a package. Defendant is correct.

Sovereign immunity bars lawsuits against the United States, including lawsuits against the U.S. Postal Service, unless the government waives immunity. <u>Dolan v. U.S. Postal Serv.</u>, 546 U.S. 481, 484, 126 S. Ct. 1252, 1256 (2006). The Federal Tort Claims Act provides an exclusive remedy for people claiming damages to person or property resulting from the negligent acts of federal government employees. 28 U.S.C. § 2679(b)(1) (2010). However, an exception to this waiver of immunity applies to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Consequently, the United States may not be liable for claims relating to this exception. <u>See Dolan</u>, 546 U.S. at 485, 126 S. Ct. at 1256. Plaintiff's claim for damages relating to the mishandling of her packaged bowl by the Postal Service is a claim that arises from the miscarriage or negligent handling of postal material. Therefore, there is no waiver of sovereign immunity as applied to plaintiff's claim, and this court lacks jurisdiction to hear the case.

**IT IS ORDERED GRANTING** defendant's motion to dismiss for lack of subject matter jurisdiction with prejudice (doc. 4). As the court lacks jurisdiction over this matter, we cannot reach the merits of plaintiff's summary judgment motion. Therefore, **IT IS FURTHER ORDERED DENYING** plaintiff's motion for summary judgment (doc. 5) as moot.

DATED this 29th day of September, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge